UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

Plaintiff,

v.

MAYZE NICHOLS,

Defendant.

_____/

No. 1:26-cr-40

Hon. ROBERT J. JONKER
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between MAYZE NICHOLS and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.    <u>Plea to Information.</u>  Defendant agrees to plead guilty to the Class A Misdemeanor Information, charging her with two counts of introduction of misbranded drugs into interstate commerce, in violation of Title 21, United States Code, Sections 331(a), 333(a)(1), 352, and 353(b)(1)(B), as well as Title 18, United States Code, Section 2.

2.    <u>Defendant Understands the Crime.</u>  For Defendant to be guilty of violating Title 21, United States Code, Sections 331(a), 353(b)(1), and 333(a)(1), the following must be true:

- Defendant introduced into interstate commerce a food, drug, device, tobacco product, or cosmetic; and

- The food, drug, device, tobacco product, or cosmetic introduced by Defendant was adulterated or misbranded.

A prescription drug is misbranded if it is dispensed without a written prescription of a practitioner licensed by law to administer such drugs; if its labeling made false or misleading claims; and/or its labeling did not bear adequate directions for use.

If convicted as an aider and abettor, the following must be true:

- Defendant helped to commit the crime of introduction of misbranded drugs into interstate commerce or encouraged someone else to commit the crime; and

- Defendant intended to help commit or encourage the crime.

Defendant is pleading guilty because Defendant is guilty of the charges described above.

3.    Defendant Understands the Penalty. The statutory maximum sentence that the Court can impose for each violation of Title 21, United States Code, Sections 331(a), 353(b)(1), and 333(a)(1) is the following: 1 year of imprisonment; a 1-year period of supervised release; a fine of $100,000; and a mandatory special assessment of $25.

4.    Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation. Defendant agrees to pay the special assessments on the day of sentencing.

a.    Restitution. Defendant acknowledges the Court may order restitution as required by law.

2

b.    Financial Cooperation. Defendant also:

i.   agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents, or releases requested to access records to verify the financial information within 30 days of the date of this plea agreement;

ii.   agrees that any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately, any payment plan set by the Court represents a minimum payment obligation, and the United States may immediately enforce the judgment in full; and

iii. agrees that prior to sentencing, she will not sell or give away any asset worth $5,000 or more, without first notifying the U.S. Attorney's Office. Defendant also agrees to notify the U.S. Attorney's Office of any proceeding, such as foreclosure or divorce, that may impact Defendant's financial condition.

5.    Supervised Release Defined. Supervised release is a period following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if she violates one or more of the conditions of any supervised release imposed, she may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6.    Asset Forfeiture and Financial Accountability. Defendant agrees to disclose to law enforcement officials the whereabouts of, Defendant's ownership interest in, and all other information known to Defendant about, all assets, money or

3

property of any kind, derived from or acquired as a result of, or used to facilitate the commission of, Defendant's illegal activities. Defendant agrees to assist and cooperate in the recovery of all monies, property, or assets derived from, or acquired as a result of the offense charged in the Information. Defendant further agrees to forfeit all rights, title, and interest in and to such items.

7.    Factual Basis of Guilt. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

In or about January 2024, Defendant, a resident of the Western District of Michigan, began working with her significant other and others to sell peptides and other prescription drugs via a Canadian website. The owners of the website obtained the drugs from overseas suppliers, primarily from China, and not from pharmaceutical companies authorized by the U.S. Food and Drug Administration (FDA) to produce them. The website sold the drugs to customers without requiring a prescription from a licensed practitioner.

During her work for the website, Defendant was primarily responsible for filling orders placed by U.S. customers. Defendant obtained information about orders placed on the website and then mailed or caused the drugs to be mailed from locations in West Michigan, often using her home address or a private mailbox registered in Holland, Michigan as the shipping address, to locations in Michigan and other states.

In or around August 2024, Defendant and her significant other began working for a different peptide company, Milestone Purity. The website for Milestone Purity

was milestonepurity.com. Defendant's role with Milestone Purity was similar to her role while working for the Canadian site – shipping drugs purchased on the site.

As part of her work for both sites, Defendant shipped, caused to be shipped, or aided and abetted the shipping of the following two packages:

| Count | Date | Misbranded Drug – Trade Name | Misbranded Drug | Location Shipped From |
|-------|------|------------------------------|-----------------|------------------------|
| 1 | 7/9/2024 | Hunger Hush | Semaglutide | Holland, Michigan |
| 2 | 1/16/2025 | Tirz Vials | Tirzepatide | Holland, Michigan |

Defendant shipped, caused to be shipped, or aided and abetted the shipping of these packages without first obtaining a customer's prescription from a licensed medical practitioner. She also shipped the packages knowing the labels on the drugs were false, misleading, and/or bore inadequate directions for use.

8.      Acceptance of Responsibility. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of her offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

9.      Non-Prosecution Agreement. The U.S. Attorney's Office for the Western District of Michigan agrees not to bring additional criminal charges against Defendant in the Western District of Michigan arising out of Defendant's introduction

5

of misbranded drugs into interstate commerce, including her work with the Canadian company and Milestone Purity as described above. This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

10.    The Sentencing Guidelines. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

11.    Waiver of Constitutional Rights. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial.

At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a.    The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b.    The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

    c.    The right to confront and cross-examine witnesses against Defendant.

    d.    The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e.    The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

    f.    By pleading guilty, Defendant also gives up all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

12.    Waiver of Appellate Rights. Defendant gives up her right to directly appeal her conviction, sentence, or any other matter relating to this prosecution on any ground, except as to claims that the sentence exceeds the statutory maximum.

13.    FOIA Requests. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

7

14.     The Court is not a Party to this Agreement.  Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw her guilty pleas, and she will remain bound to fulfill all her obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

15.     This Agreement is Limited to the Parties.  This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

16.     Consequences of Breach.  If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. If the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant

8

shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up her right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

17.     This is the Complete Agreement. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

18.     Deadline for Acceptance of Agreement. If a copy of this agreement, executed by Defendant and defense counsel, is not returned to the U.S. Attorney's Office by **3/13/2026**, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

TIMOTHY VERHEY
United States Attorney

4/20/26
Date

STEPHANIE M. CAROWAN
Assistant United States Attorney

9

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

4-16-26
_____
Date

_____
MAYZE NICHOLS
Defendant

I am Mayze Nichols' attorney.  I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

4/16/24
_____
Date

_____
JAMES FISHER
Attorney for Defendant Mayze Nichols

10